UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:17-cv-04404-JMS-MJD |
| | ) |
| AMAZON.COM.INDC LLC, JOHN NGUYEN, BRENT YODER, OPS MANAGER, AND DAVID ALPERSON, | ) ) ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff, who is proceeding *pro se*, is a former employee of Defendant Amazon.com.indc LLC ("Amazon") and initiated this lawsuit on November 28, 2017. She alleges, among other things, that Amazon and Defendants John Nguyen, Brent Yoder, and David Alperson discriminated against her based on her national origin and religion, retaliated against her, and violated various laws by interfering with her use of the internet, tracking her cell phone, and filming her in the women's restroom. The Magistrate Judge has been overseeing discovery and other pretrial matters in this case, and Ms. Parker has taken issue with many of his decisions. This has resulted in Ms. Parker filing numerous appeals, objections, and motions, many of which are duplicative and improper. This Order discusses those filings.

Specifically, presently pending and ripe for the Court's decision are the following motions: (1) Ms. Parker's Motion for Default Judgment Against Defendants David Alperson and Brent Yoder, [Filing No. 40]; (2) Ms. Parker's Objection to Magistrate Judge's June 5, 2018 Order Entered to the Attention of the District Court Judge, [Filing No. 55]; (3) Ms. Parker's Appeal/Object to Magistrate Judge's Consolidated Order Entered June 5, 2018 (Dkt. 50), [Filing

No. 56]; (4) Ms. Parker's Motion to Stay Magistrate Judge's Order Entered June 5, 2018 Pending Review of Appeal and Objections to the District Court Judge, [Filing No. 57]; (5) Ms. Parker's Motion for Extension of Time to Serve Summons and Complaint on Defendant John Nguyen, [Filing No. 61]; (6) Ms. Parker's Motion for Extension of Time to Respond to Defendant's Amended Motion to Dismiss, [Filing No. 62]; (7) Ms. Parker's Objection to Magistrate Judge's Claimed Entered Scheduling Order on June 14, 2018 to the Attention of the District Court Judge, [Filing No. 63]; (8) Ms. Parker's Motion for Extension of Time of Scheduling Order July 16, 2018 Requirement, [Filing No. 64]; (9) Ms. Parker's Motion to Recuse Magistrate Judge Mark J. Dinsmore, [Filing No. 65]; (10) Ms. Parker's Motion for Default Judgment Against Defendant Amazon.com,[1] [Filing No. 67]; and (11) Ms. Parker's Request for Hearing on Motion for Default Judgment Against Amazon.com INDC, LLC, [Filing No. 68].

# I.
## BACKGROUND

Ms. Parker was employed by Amazon at its Whitestown, Indiana fulfillment center. [Filing No. 1 at 2-3.] She alleges that she was forced to leave her employment for a number of reasons and that she has initiated this lawsuit to address Amazon's "unlawful employment practices, illegal computer tracking, illegal live cell phone tracking, bullying in the third-degree tax withholding and reporting fraud, [and] age, race and religion discrimination." [Filing No. 1 at 3.] Ms. Parker names Amazon, John Nguyen (a Manager in Amazon's Large Packing Department), David Alperson (Regional Director of Amazon), Brent Yoder (Director of Operations at Amazon's

---

[1] Ms. Parker originally named "Amazon Corporation, LLC" as a defendant, but the correct entity, "Amazon.com.indc LLC," was substituted by Court Order. [Filing No. 20.] To the extent Ms. Parker refers to "Amazon.com" in the title or body of her filings, the Court assumes she intends to refer to Amazon.com.indc LLC.

Whitestown facility), and an Amazon Operations Manager whose name she does not know. [Filing No. 1 at 1-2.]

In her thirty two-page Complaint, Ms. Parker sets forth claims for: (1) national origin discrimination against Amazon; (2) religious discrimination against Amazon; (3) retaliation in violation of Title VII of the Civil Rights Act against Amazon; (4) violation of 47 U.S.C. § 333 of the "Communication Act" against all Defendants; (5) violation of "S 1212 H.R. 2168 for willful and malice live tracking of mobile phone" against all Defendants; and (6) "unlawful filming in women's restroom" against Amazon. [Filing No. 1 at 21-31.] Ms. Parker seeks lost wages and benefits, compensatory, "exemplary," and punitive damages, and fees and expenses. [Filing No. 1 at 31-32.]

## II.
### THE PENDING MOTIONS

At the outset, the Court notes that many of Ms. Parker's motions are duplicative. Her pattern thus far has been to object to nearly everything the Magistrate Judge orders by filing appeals/objections to his orders, filing motions for extension of time related to the deadlines in his orders, and filing motions to stay the deadlines in his orders. Notably, Ms. Parker has filed seventeen motions or appeals/objections[2] in a case where essentially nothing substantive has yet

---

[2] Ms. Parker repeatedly refers to Defendants' "frivolous filings" and the delays those filings have caused. [*See, e.g.*, Filing No. 55 at 2 (Ms. Parker arguing that "[t]his matter was filed in November 2017, it is now June 2018 and the only matters Plaintiff Parker is forced to defend is frivolous filings by all Defendants and their counsel(s)").] But Defendants have filed seven motions (other than a few motions that they filed on an agreed basis), and none of the motions challenge actions by the Magistrate Judge. Indeed, several of them relate to withdrawing attorney appearances and moving for pro hac vice admission for their attorneys. The great majority of Defendants' filings have been responding to Ms. Parker's duplicative motions, appeals/objections, and motions to stay. If anyone has filed frivolous motions that have caused delay in this litigation, it is Ms. Parker.

happened. Indeed, there are over eighty docket entries thus far in this case that is not yet one year old. As discussed more fully below, this practice is unacceptable going forward.

These duplicative filings have resulted in a docket that is difficult to sift through, and the Court has done its best to address all of Ms. Parker's arguments in a coherent fashion below. The Court groups Ms. Parker's motions and appeals/objections into four groups: (1) her Motions for Default Judgment and request for a hearing on one of those motions, [Filing No. 40; Filing No. 67; Filing No. 68]; (2) her motions for extensions of time, objections, and motions to stay related to various portions of the Magistrate Judge's June 5, 2018 Order, [Filing No. 55; Filing No. 56; Filing No. 57; Filing No. 61; Filing No. 62]; (3) her objection and motion for extensions of time related to various deadlines set by the Magistrate Judge in a June 14, 2018 Scheduling Order, [Filing No. 63; Filing No. 64]; and (4) her Motion to Recuse the Magistrate Judge, [Filing No. 65]. The Court discusses each category in turn.

### A. Dkts. 40, 67, and 68: Ms. Parker's Motions for Default Judgment and Request for Hearing

Ms. Parker argues that she is entitled to default judgment against Amazon, Mr. Alperson, and Mr. Yoder because she has legally served them, because they filed their brief in support of their Motion to Dismiss one day after the deadline for doing so, and because their attorneys had not yet entered appearances in this case when the Motion to Dismiss was filed. [Filing No. 40 at 5-10; Filing No. 67 at 3-8.]

Defendants respond that Ms. Parker has not complied with Fed. R. Civ. P. 55, which requires her to first obtain a Clerk's entry of default against Mr. Alperson and Mr. Yoder before seeking default judgment. [Filing No. 46 at 4-5; Filing No. 75 (incorporating filing No. 46 by reference).] They also argue that Mr. Alperson and Mr. Yoder timely filed their Motion to Dismiss

and supporting brief, and that a delay in their attorneys filing appearances does not justify default. [Filing No. 46 at 5; Filing No. 75.]

Ms. Parker's Motions for Default Judgment are meritless for several reasons. First and foremost, Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for a party seeking default judgment. *McCarthy v. Fuller*, 2009 WL 3617740, *1 (S.D. Ind. 2009); *see also Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment"). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Second, after obtaining that entry, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b). The plaintiff "is not permitted to bypass the necessary step of obtaining an entry of default" before seeking an entry of default judgment. *Proassurance Indemnity Company, Inc. v. Wagoner,* 2016 WL 231315, *1 (S.D. Ind. 2016) (citation and quotation omitted). Ms. Parker has not moved for a Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a), and her motions can be denied on that basis alone.

Second, Amazon, Mr. Alperson, and Mr. Yoder timely answered or otherwise responded to Ms. Parker's Complaint, so a Clerk's entry of default would be inappropriate in any event. Defendants had until February 8, 2018 to answer or otherwise plead to Ms. Parker's Complaint. [Filing No. 10.] On February 8, 2018, they filed their Motion to Dismiss, [Filing No. 11], and supporting brief, [Filing No. 11-1]. The following day, they re-filed their supporting brief as a separate docket entry. [Filing No. 12.] Ms. Parker apparently takes issue with the fact that Defendants filed their brief as a separate docket entry the day after the February 8, 2018 deadline. But this is of no consequence, because Defendants had filed their brief as an attachment to their

motion within the deadline.  [Filing No. 11-1.]  Ms. Parker's argument regarding the deadline for Defendants' Motion to Dismiss is without merit.

Finally, Ms. Parker's argument that the Motion to Dismiss should not have been filed before Defendants' counsel had entered appearances, or that the appearances were filed late, involves – at worst – a technical violation of Local Rule 83-7(a) (requiring attorney to file an appearance for parties for whom he or she files documents).  Such a technical violation does not justify default.

Ms. Parker's Motion for Default Judgment Against Defendants David Alperson and Brent Yoder, [Filing No. 40], and her Motion for Default Judgment Against Defendant Amazon.com, [Filing No. 67], are **DENIED**.  Additionally, because the Court finds that the parties' briefs sufficiently addressed the issues raised in Ms. Parker's motions, the Court **DENIES** Ms. Parker's Request for Hearing on Motion for Default Judgment Against Amazon.com INDC, LLC.  [Filing No. 68.]

### B. Dockets 55, 56, 57, 61, and 62:  Ms. Parker's Motions and Appeals/Objections Related to the Magistrate Judge's June 5, 2018 Order

Ms. Parker has submitted five filings that address the propriety of the Magistrate Judge's June 5, 2018 Order.  [Filing No. 55; Filing No. 56; Filing No. 57; Filing No. 61; Filing No. 62.] Ms. Parker takes issue with several aspects of the Magistrate Judge's June 5, 2018 Order in her filings, including: (1) the deadline set forth for her to serve Defendant John Nguyen; (2) the denial of her motion to appoint the United States Marshal to serve Mr. Nguyen; (3) the grant of Defendants' counsel's motions to withdraw attorney appearances; (4) the finding that Mr. Yoder timely answered the Complaint; (5) the denial of her Rule 11 Motion; and (6) the grant of Defendants' motion to file an amended Motion to Dismiss.  She also seeks to stay the Magistrate

Judge's June 5, 2018 Order, and seeks to extend the deadline set in the Order for her response to the Motion to Dismiss.

### 1. Objections/Appeals to Magistrate Judge's June 5, 2018 Order

At the outset, the Court sets forth the standard for considering Ms. Parker's "appeals" or "objections" to the Magistrate Judge's decisions. The proper procedure for "appealing" a magistrate judge's decision on a non-dispositive matter – as are the issues that the Magistrate Judge dealt with in the June 5, 2018 Order – is to file an objection under Fed. R. Civ. P. 72(a). Accordingly, the Court will treat Ms. Parker's motion as an objection, and will refer to it as such. When the issues considered by the magistrate judge are non-dispositive, the Court may only modify or set aside any part of the magistrate judge's order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1007). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Indiana, LLC v. Origin Healthcare Solutions, LLC*, 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

#### a. The Deadline to Serve Mr. Nguyen

Ms. Parker argues in her Objection to the June 5, 2018 Order that since the time that Defendants sent her the last known address of Mr. Nguyen, she has lost the information while temporarily relocating to Illinois. [Filing No. 55 at 2.] She argues that she "also believes there will be repeated efforts to interfere with mail delivery and/or service and return receipt of mailings," and that she "also [has] reason to believe [Mr.] Nguyen will evade service of process

7

to further delay this matter." [Filing No. 55 at 2.] In her Motion for Extension of Time to Serve Summons and Complaint on Defendant John Nguyen, Ms. Parker argues that she has "filed appeals/objection to the Magistrate Judge's June 5, 2018 order which ordered [her] to complete serve (sic) of summons and complaint upon Defendant Nguyen by July 6, 2018," and that she requests an extension of time so that the District Judge can resolve her objections. [Filing No. 61 at 1.] She asserts that she "received confirmation from the Holy Spirit at 2:10 a.m. on June 27, 2018 to file this motion for extension…." [Filing No. 61 at 2.]

Defendants respond that Ms. Parker has not demonstrated good cause for an extension of time to serve Mr. Nguyen, that the Court has already given her additional time, and that she has had nearly four months to effectuate service on him. [Filing No. 69.]

Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The Magistrate Judge found that Ms. Parker received Mr. Nguyen's contact information from Defendants on March 12, 2018, that Ms. Parker "presumably has the information necessary to serve [Mr.] Nguyen," and that Ms. Parker had until July 6, 2018 to effectuate service. [Filing No. 50 at 3.] Ms. Parker does not explain what efforts she has undertaken thus far to serve him. For example, she does not contend that she has asked Defendants to provide Mr. Nguyen's contact information after she lost it. Further, she does not set forth any basis for her belief that there will be "repeated efforts to interfere with mail delivery and/or service," or that Mr. Nguyen will evade service. The Court finds that the Magistrate Judge's

8

setting of a July 6, 2018 deadline for serving Mr. Nguyen was not clearly erroneous or contrary to law.

And the fact that Ms. Parker has filed an objection to various portions of the Magistrate Judge's Order setting the July 6, 2018 deadline does not warrant a stay of the deadline to serve Mr. Nguyen. This is a common theme in Ms. Parker's filings – that because she has filed an objection to the Magistrate Judge's Order, the effects of that Order should be stayed. But filing an objection to an order does not automatically stay deadlines set forth in the order. *See, e.g.*, *[DePuy Orthopaedics, Inc. v. Orthopaedic Hospital](...)*, 2016 WL 10674019, *2 (N.D. Ind. 2016) ("A litigant is not automatically entitled to a stay whenever it files Rule 72 objections"); *[Federal Deposit Ins. Corp. for Integra Bank, N.A. v. Fidelity & Deposit Co. of Maryland](...)*, 2013 WL 12301536, *1 (S.D. Ind. 2013) ("A Magistrate Judge's order deciding a discovery motion is not subject to an automatic stay pending determination of the objection by the district judge"); *[Lineback ex rel. N.L.R.B. v. Coupled Products, LLC](...)*, 2012 WL 2504909, *2 (N.D. Ind. 2012) (noting that plaintiff had offered no authority for the proposition that objection to a magistrate judge's ruling renders that ruling invalid until the district court acts on the objection); *[Esparza v. Bridgestone/Firestone, Inc.](...)*, 200 F.R.D. 654, 657 (D. Colo. 2001) (explaining that allowing Rule 72 objection to stay magistrate judge's ruling would allow parties to "use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection"). Ms. Parker still must demonstrate good cause for failing to serve Mr. Nguyen by the July 6, 2018 deadline, and she has failed to do so. Her Objection to Magistrate Judge's June 5, 2018 Order Entered to the Attention of the District Court Judge as it relates to the deadline for serving Mr. Nguyen, [Filing No. 55], is **OVERRULED**, her Motion for Extension of Time to Serve Summons

9

and Complaint on Defendant John Nguyen, [Filing No. 61], is **DENIED**, and her claims against Mr. Nguyen are **DISMISSED WITH PREJUDICE**.[3]

### b. The Denial of Ms. Parker's Request for Assistance From the United States Marshal to Serve Mr. Nguyen

In her Objection to the Magistrate Judge's June 5, 2018 Order, Ms. Parker argues that Defendants have "continuously interfered with [her] utilization of the United States Postal Services," and that she believes Mr. Nguyen will attempt to evade service. [Filing No. 55 at 3-4.] Because the Court has already denied Ms. Parker's requests for an extension of time to serve Mr. Nguyen and has dismissed without prejudice the claims against him, Ms. Parker's Objection to the portion of the Magistrate Judge's June 5, 2018 Order that relates to this issue, [Filing No. 55 at 3-4], is **OVERRULED**.

### c. The Grant of Defendants' Counsel's Motions to Withdraw

Ms. Parker objects to the Magistrate Judge's grant of Defendants' motions to withdraw their counsel's appearances, arguing that "it is clear that counsel committed fraud by lying to the court and misrepresenting to the court that they had Defendant Nguyen's permission to represent him in this matter." [Filing No. 55 at 3.] The Magistrate Judge questioned Defendants' counsel regarding their representation of Mr. Nguyen and the filing of the Motion to Dismiss on his behalf. There is no indication from that questioning that counsel made any misrepresentations to the Court. Further, it is not clear what any purported appearance on behalf of Mr. Nguyen has to do with Defendants' counsel's motions to withdraw because a new firm was appearing for Defendants.

---

[3] Normally, a dismissal for failing to effect service would be without prejudice. Because Ms. Parker asserts the same claims against Mr. Nguyen that she asserts against Mr. Yoder and Mr. Alperson, the Court's Order on Defendants' Amended Motion to Dismiss – which is entered contemporaneously with this Order – applies with equal force to Ms. Parker's claims against Mr. Nguyen and those claims are also dismissed with prejudice.

The Court finds that the Magistrate Judge's decision to grant Defendants' counsel's motions to withdraw was not clearly erroneous or contrary to law, and **OVERRULES** Ms. Parker's Objection to the portion of the Magistrate Judge's June 5, 2018 Order granting those motions, [Filing No. 55 at 3-5].

    d.    <ins>The Magistrate Judge's Finding Regarding Service on Mr. Yoder</ins>

It is difficult to discern exactly what Ms. Parker is objecting to regarding service on Mr. Yoder, but she essentially argues again that Mr. Yoder was not represented by counsel and did not timely answer or otherwise plead to the Complaint. As the Court has already found, the Magistrate Judge's decisions that Mr. Yoder timely filed a Motion to Dismiss, and that his counsel's filing of an appearance after the Motion to Dismiss was filed is inconsequential, were not clearly erroneous or contrary to law. The Court **OVERRULES** Ms. Parker's Objection to the portion of the Magistrate Judge's June 5, 2018 Order discussing service on Mr. Yoder, his filing of the Motion to Dismiss, and the filing of his counsel's appearance.

    e.    <ins>The Magistrate Judge's Treatment of Ms. Parker's March 19, 2018 Filing As a Motion for Reconsideration</ins>

On March 19, 2018, Ms. Parker filed an Objection to Magistrate Judge Dinsmore's Order Entered March 9, 2018, in which she again challenged the Magistrate Judge's decisions that Defendants timely filed their Motion to Dismiss and that the late filing of their counsel's appearances was inconsequential. [Filing No. 27.] The Magistrate Judge treated Ms. Parker's Objection as a Motion for Reconsideration, which he denied. [Filing No. 50.] In her current Objection, Ms. Parker argues that her March 19, 2018 Objection was improperly treated as a Motion for Reconsideration. [Filing No. 55 at 6.]

Whether Ms. Parker's Objection should have been treated as a Motion for Reconsideration is irrelevant in the long run. Ms. Parker has filed multiple motions and objections related to the

11

timeliness of the Motion to Dismiss and Defendants' counsel's appearances. [*See* Filing No. 40; Filing No. 55; Filing No. 67.] Her goal through the filing of her March 19, 2018 Objection – to obtain review of the Magistrate Judge's decisions on those issues by the District Judge – has been reached. Indeed, this Court has found in connection with Ms. Parker's three motions or objections that the Motion to Dismiss was timely filed and that the late filing of counsel's appearances was inconsequential. Ms. Parker's Objection to the Magistrate Judge's treatment of her March 19, 2018 Objection as a Motion for Reconsideration is **OVERRULED**.

### f. The Magistrate Judge's Denial of Ms. Parker's Rule 11 Motion

Ms. Parker objects to the Magistrate Judge's June 5, 2018 Order denying her Rule 11 Motion, in which she had again argued that Defendants' Motion to Dismiss was untimely and that Defendants' counsel filed their appearances late. [Filing No. 56 at 1-7.] The Magistrate Judge denied Ms. Parker's Rule 11 Motion, finding that Ms. Parker was not prejudiced by the fact that Defendants' counsel filed appearances after they had already filed other documents on Defendants' behalf, that Defendants' Motion to Dismiss was not untimely, and that Ms. Parker had not shown that Defendants' counsel had violated any professional or ethical rules.

The Court finds that the Magistrate Judge's decision was not clearly erroneous or contrary to law. Indeed, the Court has reached the same result in connection with Ms. Parker's various motions for default judgment. Ms. Parker's objection to the Magistrate Judge's decision on her Rule 11 Motion is at least her fourth attempt to argue that the Motion to Dismiss was late and that Defendants' counsel filed their appearances late. As discussed above, her arguments are without merit. The Court **OVERRULES** Ms. Parker's Objection to the Magistrate Judge's June 5, 2018 Order denying her Rule 11 Motion.

### g. The Magistrate Judge's Grant of Defendants' Motion for Leave to File an Amended Motion to Dismiss

Ms. Parker objects to the Magistrate Judge's decision to grant Defendants' Motion for Leave to File an Amended Motion to Dismiss, arguing that the Motion to Dismiss is meritless and that she has alleged "colorable federal claims." [Filing No. 56 at 11.] The Magistrate Judge allowed Defendants to file an Amended Motion to Dismiss, despite the fact that the request to file an Amended Motion to Dismiss was contained in Defendants' response to a Court Order and was not a separate motion. The Magistrate Judge "overlook[ed] this transgression," and allowed the filing of an Amended Motion to Dismiss which clarified that it was filed only on behalf of Amazon, Mr. Alperson, and Mr. Yoder, and not Mr. Nguyen. [Filing No. 50 at 6.]

The Court finds no error with the Magistrate Judge's decision allowing Defendants to file an Amended Motion to Dismiss. While the original Motion to Dismiss was filed on behalf of Mr. Nguyen, Defendants have sufficiently explained that there was confusion regarding whether their counsel was also representing Mr. Nguyen. The Amended Motion to Dismiss differs from the original Motion to Dismiss only in the fact that it was not filed on behalf of Mr. Nguyen, and this helped to clarify the scope of the Motion to Dismiss for the litigation going forward. The Court rejects Ms. Parker's argument that Defendants have "delay[ed] this matter by more frivolous filings," and notes that – as discussed more fully below – Ms. Parker's filings have significantly delayed this litigation. Put simply, there was nothing clearly erroneous or contrary to law about the Magistrate Judge's decision, and Ms. Parker's Objection to the Magistrate Judge allowing Defendants to file an Amended Motion to Dismiss, [Filing No. 56], is **OVERRULED**.

### 2. *Motions Related to Deadlines in Magistrate Judge's June 5, 2018 Order*

Ms. Parker filed two motions related to deadlines in the Magistrate Judge's June 5, 2018 Order. Her Motion to Stay Magistrate Judge's Order Entered June 5, 2018 Pending Review of

13

Appeal and Objections to The District Court Judge, [Filing No. 57], requests that her deadline to respond to Defendants' Motion to Dismiss and her deadline to serve Mr. Nguyen be stayed "until the district court has reviewed de novo [her] motion appeal/object to [the June 5, 2018 Order]…." [Filing No. 57 at 1-2.] In her Motion for Extension of Time to Respond to Defendant's Amended Motion to Dismiss, Ms. Parker requests "additional time to respond after the District Court Judge has addressed all of [her] appeals/objections still pending, as well as the motion for default judgment still pending." [Filing No. 62 at 1.]

Defendants oppose Ms. Parker's motions, arguing that she has not proposed new deadlines, nor has she shown good cause for extensions. [Filing No. 70 at 2-3; Filing No. 58 at 3-4.]

As to an extension of time to serve Mr. Nguyen, the Court has already found in connection with Ms. Parker's Objection to the Magistrate Judge's June 5, 2018 Order that Ms. Parker has not shown good cause for an extension. Her Motion to Stay as it relates to an extension of time to serve Mr. Nguyen is **DENIED**.

In connection with her request to extend her deadline to respond to Defendants' Motion to Dismiss, Ms. Parker's only justification for an extension is that she has objected to the deadline, [Filing No. 57 at 1-2], and that she "received confirmation from The Holy Spirit at 2:10 a.m. on June 27, 2018 to file separate motions for extensions relating to the ordered date to respond to Defendant's filing," [Filing No. 62 at 2]. As discussed above, the filing of an objection to an order does not stay the deadlines in the order to which the objection is directed. *DePuy Orthopaedics, Inc.*, 2016 WL 10674019 at *2; *Federal Deposit Ins. Corp.*, 2013 WL 12301536 at *1; *Lineback ex rel. N.L.R.B.*, 2012 WL 2504909 at *2. Ms. Parker has offered no compelling reasons why the deadline for her to respond to the Motion to Dismiss should be extended. Defendants filed their original Motion to Dismiss on February 8, 2018. The Amended Motion to Dismiss, filed June 5,

14

2018, simply deleted reference to Mr. Nguyen, but is the same in all other respects to the Motion to Dismiss filed on February 8, 2018. The June 29, 2018 deadline for responding to the Amended Motion to Dismiss provided Ms. Parker with more time than she was entitled to under the Local Rules to file her response – twenty-four days instead of fourteen days. Moreover, because the Amended Motion to Dismiss was essentially the same as the original Motion to Dismiss, Ms. Parker essentially had almost five months to prepare her response.

Although Ms. Parker is proceeding *pro se*, she still must comply with procedural rules and with Court orders. See *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001). Ms. Parker initiated this litigation, and cannot simply decide when she wishes to move forward. *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) ("[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible") (quotation and citation omitted). As noted above, essentially nothing substantive has happened in this case in nearly a year. Ms. Parker's duplicative filings, in which she has challenged almost every decision the Magistrate Judge has made, have impeded the forward progress of this litigation. Ms. Parker simply has not provided good cause for an extension of time to file her response to the Amended Motion to Dismiss, and her Motion to Stay as it relates to that deadline, [Filing No. 57], as well as her Motion for Extension of Time to Respond to Defendant's Amended Motion to Dismiss, [Filing No. 62], are both **DENIED**. The Court will issue a separate Order on Defendants' Amended Motion to Dismiss, which is now ripe for ruling.

### C. Dockets 63 and 64: Ms. Parker's Objections and Motions Related to the Magistrate Judge's June 14, 2018 Scheduling Order

On June 14, 2018, the Magistrate Judge entered a Scheduling Order which set forth various deadlines for the orderly progression of this case. Nearly a month later, Ms. Parker filed an

15

Objection to that Scheduling Order and a Motion for Extension of Time of Scheduling Order July 16, 2018 Requirement. [Filing No. 63; Filing No. 64.] The Court addresses the Objection and Motion for Extension of Time in turn.

*1. Ms. Parker's Objection to the June 14, 2018 Scheduling Order*

In her Objection, Ms. Parker refers to "computer manipulation" and claims that she did not receive a copy of the June 14, 2018 Scheduling Order, that the Order was backdated by the Clerk's office, and that she received the Order for the first time on July 6, 2018. [Filing No. 63 at 1-2.] Ms. Parker objects to almost every aspect of the Scheduling Order, including the deadlines for filing witness and exhibit lists and a statement of damages; the deadline for any party to file a motion to amend the Complaint, Answer, or other pleadings; the deadlines for the parties to serve discovery requests and to complete discovery; the deadline for informing opposing parties regarding the use of expert witnesses; and the deadline for filing dispositive motions.

Defendants argue in response that Ms. Parker filed her Objection well past the deadline for doing so, and that the Magistrate Judge has broad discretion in establishing deadlines. [Filing No. 74 at 2-3.]

Fed. R. Civ. P. 72(a) provides that an objection to a magistrate judge's order must be filed "within 14 days after [the objecting party is] served with a copy." While Ms. Parker states that she "did not timely receive a copy" of the June 14, 2018 Order, the Order itself indicates that it was mailed to Ms. Parker's address of record at that time: "509 N. Vermilion Street, #510, Danville, IL 61832." The docket does not indicate that the Order was returned to the Court as undeliverable. Ms. Parker continued to use the N. Vermilion Street address until she filed a Notice of Change of Address on October 9, 2018. [Filing No. 82.] In any event, even if the Objection

were timely based on Ms. Parker's statement that she received it for the first time on July 6, 2018, the Objection is meritless.

A magistrate judge has "extremely broad discretion" related to the supervision of discovery and case logistics. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Ms. Parker's extension requests rest on her argument that Defendants are in default for filing their Motion to Dismiss late, but the Court has already rejected that argument. [Filing No. 63 at 4-6.] Moreover, many of the deadlines for which Ms. Parker seeks an extension are unrelated to Defendants' Motion to Dismiss. An extension of these unrelated deadlines is not warranted simply because Ms. Parker objected to the Magistrate Judge's ruling on another issue. The Magistrate Judge's Scheduling Order was not clearly erroneous or contrary to law, and Ms. Parker's Objection to Magistrate Judge's Claimed Entered Scheduling Order on June 14, 2018 to the Attention of the District Court Judge, [Filing No. 63], is **OVERRULED**.

> 2. *Ms. Parker's Motion for Extension of Time of Scheduling Order July 16, 2018 Requirement*

As she did in her Objection to the June 14, 2018 Order, Ms. Parker argues in her Motion for Extension of Time that she is entitled to an extension for filing an Amended Complaint because she has filed objections to the Magistrate Judge's Order setting that deadline, and again argues that Defendants are in default. [Filing No. 64 at 1-2.]

Defendants argue in response that Ms. Parker elected to prosecute this matter, has wasted judicial resources in filing duplicative motions, and has not presented good cause for an extension of time. [Filing No. 72 at 2.]

Ms. Parker has not shown that there is good cause that would warrant extending the deadline for her to file an Amended Complaint. As noted numerous times above, the filing of an objection to the deadline does not provide that good cause. *See DePuy Orthopaedics, Inc.*, 2016

17

WL 10674019 at *2; *Federal Deposit Ins. Corp.*, 2013 WL 12301536 at *1. Her Motion for Extension of Time of Scheduling Order July 16, 2018 Requirement, [Filing No. 64], is **DENIED**.

### D.  Docket 65:  Ms. Parker's Motion to Recuse Magistrate Judge Mark J. Dinsmore

Ms. Parker argues in her Motion to Recuse that the Magistrate Judge "has deliberately forsaken the laws and statutes put in place and instead adopted his own discretion, absent from mandates of law, to provide an escape route for defendants and their legal counsel to thwart justice."  [Filing No. 65 at 1.]  She also contends that the Magistrate Judge may have a pecuniary interest in the law firm of Dinsmore & Shohl, LLP, the law firm of Defendants' former counsel, and "request[s] an avenue be availed by subpoena to investigate into the ancestry history of Magistrate Judge Dinsmore with the ancestry history of the owner of Dinsmore & Shohl, LLP…."  [Filing No. 65 at 1.]  Ms. Parker provides her own Affidavit and claims it shows the Magistrate Judge's bias.  [Filing No. 66.]  The Affidavit sets forth the Magistrate Judge's decisions with which she takes issue.  [Filing No. 66.]

28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Subsection (b) lists several circumstances in which a magistrate judge shall recuse himself, and Ms. Parker appears to rely upon the fourth such circumstance – where "[h]e knows that he, individually or as a fiduciary…has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."  Ms. Parker's Motion to Recuse based on a potential pecuniary interest is based entirely on the fact that the Magistrate Judge and one of the name partners of Defendants' former counsel's firm share the same last name.  But Ms. Parker has not presented any evidence that the two are related and, even if so, that Magistrate Judge

18

Dinsmore would have a pecuniary interest in the law firm. In fact, Magistrate Judge Dinsmore has no connection whatsoever, and is not related, to Frank Dinsmore, who founded what would become Dinsmore & Shohl over one hundred years ago in 1908. https://www.dinsmore.com/history (last visited October 25, 2018).

Additionally, to the extent Ms. Parker is basing her Motion to Recuse on an argument that the Magistrate Judge's prior rulings exhibit some sort of bias, the Court rejects such an argument. As discussed at length above, the Court has found nothing clearly erroneous, contrary to law, or inappropriate in any way about the Magistrate Judge's prior rulings in this case.

Ms. Parker's Motion to Recuse Magistrate Judge Mark J. Dinsmore, [Filing No. 65], is **DENIED**.

### III.
#### CONCLUSION

For the foregoing reasons, the Court **DENIES** Ms. Parker's:

- Motion for Default Judgment Against Defendants David Alperson and Brent Yoder, [Filing No. 40];

- Motion to Stay Magistrate Judge's Order Entered June 5, 2018 Pending Review of Appeal and Objections to The District Court Judge, [Filing No. 57];

- Motion for Extension of Time to Serve Summons and Complaint on Defendant John Nguyen, [Filing No. 61];

- Motion for Extension of Time to Respond to Defendant's Amended Motion to Dismiss, [Filing No. 62];

- Motion for Extension of Time of Scheduling Order July 16, 2018 Requirement, [Filing No. 64];

- Motion to Recuse Magistrate Judge Mark J. Dinsmore, [Filing No. 65];

- Motion for Default Judgment Against Defendant Amazon.com, [Filing No. 67]; and

- Motion for hearing on Motion for Default Judgment Against Amazon.com INDC, LLC, [Filing No. 68].

The Court also **OVERRULES** Ms. Parker's:

- Objection to Magistrate Judge's June 5, 2018 Order Entered to the Attention of the District Court Judge, [Filing No. 55];

- Appeal/Object to Magistrate Judge's Consolidated Order entered June 5, 2018 (Dkt. 50), [Filing No. 56]; and

- Objection to Magistrate Judge's Claimed Entered Scheduling Order on June 14, 2018 to the Attention of the District Court Judge, [Filing No. 63].

The Court's Local Rules concerning motions practice can be found at Local Rule 7-1. The Court cautions Ms. Parker that it expects compliance with that rule which provides for a party to file only one motion and reply on any particular issue. Any future filings in this case that the Court deems to be duplicative of prior filings will be stricken.

Date: 10/26/2018

*Jane Magnus-Stinson* (signature)
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Brenda Parker
P.O. Box 135
Valparaiso, Indiana 46384